**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ______________________

CRYSTAL ROBERTSON,

Petitioner,

v.

TOPGOLF USA THORNTON, LLC, a Delaware limited liability company, and
TOPGOLF TOPCO, LLC, a Delaware limited liability company,

Respondents.

---

**PETITION SEEKING LEAVE TO PERPETUATE PRE-SUIT DISCOVERY PURSUANT TO FRCP 27**

---

Petitioner Crystal Robertson ("Petitioner") petitions the Court for leave to perpetuate pre-litigation discovery which may be used in future litigation between the Petitioner (as the potential plaintiff) and Respondent Topgolf USA Thornton, LLC; Respondent Topgolf Topco, LLC (collectively "Respondents"); and/or additional as-of-yet unidentified individuals (as potential defendants).

This Petition stems from an injury accident that occurred on March 13, 2026 at Respondents' Topgolf store in Thornton, Colorado. On that date, Petitioner was struck in the head by an airborne golf club that was released by an unnamed customer approximately two bays away from where Petitioner was standing. As a result of the accident, Petitioner suffered a traumatic brain injury which remains unresolved and may be permanent. Petitioner's counsel understands this identical set of facts has occurred many times prior at Topgolf locations throughout the U.S. and has resulted in catastrophic injuries to many invitees while at Topgolf.

Petitioner asserts that Respondents are in possession of a number of documents and items which depict the subject accident as well as identify the unnamed customer who released the golf club, including: (1) a written incident report regarding the subject accident and accompanying written witness statements; (2) surveillance video showing the subject accident as well as the events leading up to it; (3) other documents and items that identify the customer, who released the club and may help to explain why this occurred; and (4) the club itself, that may identify a defect in the grip or club. Petitioner requires all of this information to determine whether she has viable claims against that customer and, if so, whether such claims would be advisable. Petitioner also needs this information because, assuming she chooses to sue that customer, she needs to know whom to name and how to serve him.

Petitioner has attempted to get the additional information regarding the accident from Respondents without the Court's help. Indeed, Petitioner has been very clear with Respondents about the reasons she needs these documents. *See* Ex. 1 (March 19, 2026 letter from Defendant's counsel TopGolf seeking 26 separate types of documents and items) and Ex. 2 (July 22, 2026 letter from Defendant's Counsel to Topgolf).[1] To date, Respondents have ignored Petitioner's requests – hence the need for the present Petition.

Pursuant to FRCP 27, Petitioner seeks an order from this Court authorizing Petitioner to issue pre-litigation discovery requests to Respondents seeking copies of the following documents only:

1. A copy of Respondents' incident report for the subject accident, as well as any accompanying witness statements that were collected contemporaneously;
2. A copy of Respondents' surveillance footage depicting the subject accident and the events leading up to it (which Respondents collect when completing their incident reports);

[1] Unless otherwise noted, all exhibits referenced herein are attached to the Declaration of Anne D. Foster, filed herewith.

3. Any other documents in Respondents' possession which might reasonably identify the customer who released the golf club at issue as well as his phone number, home address, email address, and other contact information (such as the customer's Topgolf player card, online reservation form, and/or transaction receipt from his visit that day). *See* Ex. 3 (copy of proposed RFP to Respondents);
4. Documents showing what, if any, alcoholic beverages were ordered by both Bays; and
5. An order allowing inspection of the facility, including the Bays where the incident occurred, and the club involved in the incident.

Production of these documents and inspection of the facility and club are necessary for determining the most appropriate defendants for the Petitioner's forthcoming personal injury lawsuit, with the goal of streamlining matters once that litigation is filed. Petitioner has no objection to giving Respondents 30 days from the date of any court order on this Petition to produce the above-listed documents, and 30 days thereafter for inspection, mirroring the timeline set forth in FRCP 34(b)(2).

## MATERIALS RELIED ON

This Petition is supported by the following Points and Authorities; the Declaration of the Petitioner, Crystal Robertson ("Robertson Dec."); and Declaration of Ms. Robertson's attorney, Anne Foster ("Foster Dec.") with exhibits attached thereto.

## POINTS AND AUTHORITIES

### A. Factual Background.

The following facts are relevant to the issues presented in this Petition.

#### 1. Respondents Operate a Topgolf Store in Thornton, Colorado.

Respondents own and operate a Topgolf store in Thornton, Colorado: 16011 Grant St., Thornton, CO 80023 (the "Thornton store"). *See* Foster Dec. ¶ 3. The Thornton store follows Topgolf's standard floor plan, meaning it is comprised of three floors open to the public with each floor having approximately 34 hitting bays laid out in a semi-circle format. *See* Robertson Dec. ¶ 2; Foster Dec. ¶ 3. Each bay on each floor is numbered individually. Foster Dec. ¶ 4. The bays on the first (or bottom) floor are numbered 100 to 134; the bays on the second (or middle) floor are numbered 200 to 234; and the bays on the third (or top) floor are numbered 300 to 334. *Id.*

Further, each floor has at least four security cameras which capture nearly all activity on the "T-Line" of each floor. The cameras record high-definition video, but do not record sound. *Id.* at ¶ 5. The T-line is the term used by Topgolf for the area open to the outside where the balls are hit.

### 2. Respondents Track All Injury Accidents on Their Property by Uploading Documents and Video Memorializing Same to an Internal Database.

Whenever an injury-accident occurs at any Topgolf store nationwide (including the Thornton store), Respondents' on-the-ground employees are required by company policy to immediately and contemporaneously complete an incident report documenting the accident; take witness statements, if able; and download any surveillance video depicting the accident. Foster Dec. ¶ 6.[2] All of this material is then uploaded to Respondents' national database (called the INFORM system) where it is stored indefinitely for review by Respondents' national security, safety, and risk management departments which are located at company headquarters in Dallas, Texas. *Id.*

### 3. Petitioner Suffered a Traumatic Brain Injury at Respondents' Thornton Store When an Unnamed Customer Released a Golf Club into the Air Which Struck Her in the Head.

On or about March 13, 2026, Petitioner went with a friend to Respondents' Thornton store. *See* Robertson Dec. ¶ 2. Respondents' employees assigned Petitioner and her friend to a bay located on the third floor of the facility. *Id.* at ¶ 3. Petitioner does not recall the exact bay number but believes it was towards one end of the third floor. *Id.*[3]

At the time of the subject accident, Petitioner was standing at the hitting mat about to take her second shot of the day when, without warning, an unnamed customer, approximately two bays away, lost control of his club mid-swing, sending the club airborne where it crossed Bays and

[2] Respondents' policy is to save video from one hour before the subject accident through one hour after the subject accident. Foster Dec. ¶ 6.

[3] During a call to 911, a Topgolf manager stated Petitioner was located in Bay 329. Subsequent discovery will confirm this detail.

struck Petitioner on the top of her head, just above her forehead. *Id.* at ¶ 4. Upon information and belief, the club which struck Petitioner was a nine iron. *Id.*

As a result of the subject accident, Petitioner felt wobbly and began bleeding from a large wound in her head. *Id.* at ¶ 5. Petitioner fell to her knees and blood began pouring over her face. *Id.* Someone in the vicinity shouted: "Call 9-1-1!" *Id.* One of Respondents' managers made the call, and EMTs later arrived on scene soon after.

The customer who released the club rushed over to check on Petitioner. *Id.* at ¶ 6. The customer appeared to be a Hispanic male in his 20s or 30s. *Id.* He identified himself to Respondents' employees and described for them what happened. *Id.* Petitioner – in her injured state – was not able to get the customer's name or contact information. *Id.* at ¶ 7.

Rather, Petitioner's friend transported her to a local emergency room. *Id.* at ¶ 8. Petitioner needed five staples to close the wound in her head and subsequent imaging revealed the existence of a traumatic brain injury. *Id.* Petitioner's brain injury is unresolved and may be permanent. *Id.*

**4. Petitioner Intends to File a Personal Injury Lawsuit, But Lacks Information About the Unnamed Customer's Identity and Potential Fault. Respondents Possess This Information, But Will Not Share It.**

Petitioner intends to file a lawsuit seeking compensation for her injuries. The identity and contact information of the unnamed customer who released the club is critical to Petitioner's evaluation of her potential claims. This includes evaluating the question of *which* parties to sue. Further, assuming Petitioner decides to sue this unnamed customer, she would not be able to do so (absent a John Doe filing) unless or until she learns that customer's name and contact information. The documents requested in this Petition would answer these questions and enable Petitioner to bring her claims in an efficient manner.

Respondents understand why Petitioner needs this information. On two prior occasions, Petitioner's counsel has written to Respondents asking them to produce it and explaining why it was needed. *See* Ex. 1 (March 19, 2026 letter from prior counsel) and Ex. 2 (July 22, 2026 letter

from undersigned counsel). However, to date, Respondents have not responded to either letter. In addition, Petitioner is attempting to understand how this incident occurred. This is why Petition has asked for receipts to learn if alcohol was involved and for an inspection of the facility and club to learn more about maintenance, etc.

**LEGAL STANDARD**

FRCP 27 controls discovery before an action is filed. Subsection (1) of the rule reads as follows:

> A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified Petition in the district court for the district where any expected adverse party resides. The Petition must ask for an order authorizing the Petitioner to depose the named persons in order to perpetuate their testimony. The Petition must be titled in the Petitioner's name and must show:
>
> (A) that the Petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the Petitioner's interest;
>
> (C) the facts that the Petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the Petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

FRCP 27(a)(1).

Also relevant, subsection (3) of the rule reads:

> If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. The depositions may then be taken under these rules, ***and the court may issue orders like those authorized by Rules 34 and 35.*** A reference in these rules to the court where an action is pending means, for purposes of this rule, the court where the Petition for the deposition was filed.

FRCP 27(a)(3) (emphasis added).

The emphasized portion of the rule above allows the Court to order the production of

documents in lieu of authorizing deposition testimony. *See Workman v. United States Postal Serv.*, 127 F.4th 237, 241 (10th Cir. 2025); *Petition of Thomas*, 155 F.R.D. 124, 126 (D. Md. 1994). Thus, although FRCP 27 speaks in terms of a pre-suit *deposition*, the rule allows Petitioners to obtain pre-litigation *documents* instead, if the Court finds that doing so would be more necessary and appropriate. *See Villecco v. Barela*, 22-CV-02403-DDD-STV, 2023 WL 3023016, at *1 n.1 (D. Colo. Apr. 19, 2023); *Martin v. Reynolds Corp.*, 297 F.2d 49, 55-56 (9th Cir. 1961).

**ARGUMENT**

Good cause exists to grant this Petition because all five factors listed in FRCP 27(a)(1) – quoted above – weigh in favor of it.

As to the first and fourth factors, *see* FRCP 27(a)(1)(A) & (D), Petitioner expects to file a personal injury lawsuit in federal court against one or more defendants residing in this district. The Court will have jurisdiction due to a diversity of citizenship. 28 U.S.C. § 1332. Petitioner, the putative plaintiff in that action, is a Colorado resident. The potential defendants include Respondent Topgolf USA Thornton, LLC, a Delaware limited liability company, and Respondent Topgolf Topco, LLC, a Delaware limited liability company. The unnamed customer who threw the club may also be a defendant. However, without the requested documents, Petitioner cannot allege the unnamed customer's identity or citizenship for diversity purposes, assuming she chooses to sue him. In other words, Petitioner needs the requested discovery in order to fully assess whether this Court has jurisdiction to hear Petitioner's forthcoming lawsuit.

As to the second and fifth factors, *see* FRCP 27(a)(1)(B) and (E), the subject matter of the action will be a personal injury lawsuit, premised in negligence and premises liability. As previously mentioned, the unnamed customer is a potential defendant in that action. Petitioner does not know his name, his address, or his contact information. Accordingly, Petitioner cannot presently bring her action because – absent the documents requested – she does not know whether she has a cognizable claim against that customer; does not know whether suing that customer

would be worthwhile; and does not know how to name and serve that customer with a copy of the summons and complaint which might name him as a defendant. The only way to answer those questions is through limited, pre-suit discovery.

As to the third factor, *see* FRCP 27(a)(1)(C), the facts Petitioner seeks to adduce through prelitigation discovery are limited to:

1. The identity of the unnamed customer who released the golf club who hit Petitioner.
2. Inspection of the facility and the club to determine how these injuries occurred; and
3. Related information that will enable Petitioner to determine whether to bring claims against the facility and/or the customer for the injuries she suffered in the accident.

For this reason, Petitioner's Petition seeks production of the following documents: (1) a copy of the incident report for the subject accident, including any related witness statements; (2) a copy of the surveillance video for the subject accident; and (3) any other documents which might reveal the identity of the customer, such as his Topgolf player card, his online reservation form (if any), and his transaction receipt for the day in question. In addition, Petitioner seeks to inspect the Facility (including the Bays) and the club that was released. Discovery into other matters (such as other incidents, warnings to invitees, etc.) can be reserved for when Petitioner's lawsuit has commenced.

Lastly, with respect to FRCP 27(a)(3), Petitioner notes that ordering Respondents to produce the requested documents prior to the commencement of litigation would "prevent a failure or delay of justice." If Petitioner was required to file a lawsuit without knowing the identity or potential culpability of the unnamed customer who released the club, then Petitioner would have to incur the time and cost of amending her complaint at a later date, adding a new party, and thus potentially delaying trial in this matter. In other words, Petitioner's lawsuit would be streamlined, avoiding the need for future motion practice, if Petitioner were able to access the documents requested in this Petition before filing her upcoming lawsuit.

## CONCLUSION

For the foregoing reasons, the Court should grant this Petition and allow Petitioner to issue pre-litigation discovery requests to Respondents seeking the following documents: (1) a copy of the incident report for the subject accident, including any related witness statements; (2) a copy of the surveillance video for the subject accident; and (3) any other documents which might reveal the identity of the customer who released the club, such as his Topgolf player card, his online reservation form (if any), and his transaction receipt for the day in question. In addition, Petitioner asks to inspect the Facility and the club.

As the Court can see, the proposed discovery is limited in nature and seeks only information relating to the date in question and is focused on obtaining necessary information relevant to the incident.

DATED: August 12, 2026.

Anne D. Foster, OSB No. 993152
Email: afoster@sfklegal.com
Samuel T. Smith, OSB No. 084772
Email: ssmith@sfklegal.com
Jaimee R. King, OSB No. 146042
Email: jking@sfklegal.com
Smith Foster King LLC
3330 NW Yeon Ave, Suite 240
Portland, Oregon 97210
Telephone: 503.567.7100

*Attorneys for Petitioner*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing PETITION SEEKING LEAVE TO PERPETUATE PRE-SUIT DISCOVERY PURSUANT TO FRCP 27 was served on:

Topgolf USA Thornton, LLC
*via personal service on its registered agent**
CT Corporation System-Registered Agent
7700 E Arapahoe Rd., Ste 220
Centennial, CO 80112

Topgolf Topco, LLC
*via personal service on its registered agent**
CT Corporation System-Registered Agent
7700 E Arapahoe Rd., Ste 220
Centennial, CO 80112

* With proof of service to be filed with the court.

DATED: August 12, 2026.

Anne D. Foster, OSB No. 993152
Email: afoster@sfklegal.com
Samuel T. Smith, OSB No. 084772
Email: ssmith@sfklegal.com
Jaimee R. King, OSB No. 146042
Email: jking@sfklegal.com
Smith Foster King LLC
3330 NW Yeon Ave, Suite 240
Portland, Oregon 97210
Telephone: 503.567.7100

*Attorneys for Petitioner*